'O'
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LOTENERO et al., <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | CV22-3274-RSWL-AFMx <br><br> **ORDER re: PLAINTIFFS' MOTION TO REMAND [11]** |

Renee Lotenero and Steve Siegrist (collectively, "Plaintiffs") bring this Action against BMW of North America, LLC ("Defendant") alleging violations of the Song-Beverly Act ("SBA"). Currently before the Court is Plaintiffs' Motion to Remand ("Motion") [11]. Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiffs' Motion.

///

1

# I.   BACKGROUND

## A.   Factual Background

Plaintiffs are individuals residing in the State of California.  Notice of Removal, Ex. A ("Compl.") ¶ 2, ECF No. 1-2.  Defendant is a limited liability company organized in Delaware and has its principal place of business in New Jersey.  Notice of Removal ("Removal"), ¶ 11, ECF No. 1.

Plaintiffs' causes of action arise out of Defendant's warranty obligations in connection with a 2017 BMW i3 ("the Vehicle"), for which Defendant issued a written warranty.  Compl. ¶¶ 4, 14.  Plaintiffs and Defendant entered the warranty contract for the Vehicle on February 22, 2020.  Id. ¶ 14.  The total sales price of the Vehicle was $28,792.60.  Removal ¶ 2.  Plaintiffs allege that during the applicable express warranty period, the Vehicle developed defects.  Compl. ¶ 15.  Plaintiffs further allege that Defendant was unable to repair the Vehicle in conformity with the express warranty and failed to replace the Vehicle or make restitution in accordance with the SBA.  Id. ¶¶ 18, 20.

## B.   Procedural Background

Plaintiffs filed their Complaint [1-2] in the Superior Court of California, County of Los Angeles, on April 12, 2022.  On April 14, 2022, Plaintiffs served Defendant with the Summons and Complaint [1-3].

On May 13, 2022, Defendant removed [1] this Action to this Court based on diversity jurisdiction.

2

Plaintiffs filed the instant Motion to Remand [11] on May 25, 2022. Defendant filed its Opposition [12] on June 7, 2022, and Plaintiffs replied [13] on June 14, 2022.

## II. DISCUSSION

### A. Legal Standard

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between: (1) citizens of different states; and (2) where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. If attorneys' fees are recoverable by the plaintiff (by statute or contract), the fee may be included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). When a statute authorizes attorneys' fees, a reasonable amount of those fees are included in the amount in controversy. See Galt G/S, 142 F.3d at 1155.

"The burden of establishing jurisdiction falls on

1  the party invoking the removal statute, which is
2  strictly construed against removal." Sullivan v. First
3  Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.
4  1987) (internal citations omitted).  Courts resolve all
5  ambiguities "in favor of remand to state court." Hunter
6  v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir.
7  2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566
8  (9th Cir. 1992)).  A removed case must be remanded "[i]f
9  at any time before final judgment it appears that the
10 district court lacks subject matter jurisdiction."  28
11 U.S.C. § 1447(c).

**B.  Discussion**

Plaintiffs move to remand this Action, arguing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  Pls.' Mem. of P. & A. ("Mot.") 2:19-22, ECF No. 11-1.  Specifically, Plaintiffs assert that Defendant failed to meet the $75,000 amount in controversy threshold for diversity jurisdiction.  Id. at 2:9-12.  Defendant, on the other hand, argues that it has met the amount in controversy requirement given the allegations made by Plaintiffs in their Complaint.  Opp'n 9:14-17, ECF No. 12.  The parties do not dispute that they are diverse.  Accordingly, the Court focuses its analysis only on whether Defendant has met the jurisdictional minimum.

1.  Amount in Controversy

When a complaint filed in state court alleges on its face "damages in excess of the required

jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-04 (9th Cir. 1996). Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing Defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transp. Co. of Ariz., 899 F.3d 785, 793 (9th Cir. 2018) (citing 28 U.S.C. § 1446(c)(2)(B)).

    Here, Plaintiffs assert several prayers for relief in their Complaint but do not otherwise specify an amount in controversy. See generally Compl. Thus, Defendant must show that the jurisdictional minimum is met by a preponderance of the evidence. See Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). In assessing whether Defendant has satisfied its burden here, the Court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id. at 377 (quoting Allen v. R & H Oil & Gas. Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

    Defendant relies on the Complaint and Purchase Agreement as evidence to show that the jurisdictional minimum is met. Opp'n 7:18-20. Specifically, Defendant relies on Plaintiffs' claims for: (1) actual damages of

5

$26,673.95; (2) a maximum civil penalty of two times the actual damages (totaling $53,347.90); and (3) attorneys' fees of at least $15,000.00, at a billable rate of $500 per hour. Id. at 11:3-6. The Court examines these amounts in turn to determine whether they may be included in the amount in controversy calculation.

        a. Actual Damages

Actual damages pursuant to the SBA are the "amount equal to the actual price paid or payable by the buyer" for the subject vehicle, less the reduction in the vehicle's value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on miles driven by the buyer before the first attempted repair of the vehicle's nonconformity. Id.

Here, Defendant has brought forth evidence showing that the total sales price of the Vehicle was $28,792.60. See generally Notice of Removal, Ex. D ("Purchase Agreement"), ECF No. 1-5; see also Decl. of Kyle A. Fellenz ("Fellenz Decl.") ¶ 7, ECF No. 12-1. Defendant has also shown that Plaintiff drove the Vehicle 8,830 miles before the first attempted repair.[1] Fellenz Decl. ¶ 12. Applying the statutory multiplier of 120,000 to the purchase price of the Vehicle ($28,792.60), the mileage offset here is $2,118.65. See Cal. Civ. Code § 1793.2(d)(2)(C). Therefore, the total

---

[1] 23,497 miles when the Vehicle was first brought in for repair minus 14,667 miles when the Vehicle was purchased.

1 actual damages, including the mileage offset
2 calculation, are $26,673.95.  Accordingly, the Court
3 concludes that Defendant has shown by a preponderance of
4 the evidence that $26,673.95 may be included in the
5 amount in controversy calculation.
6           b.   <u>Civil Penalty</u>
7    A successful SBA plaintiff may be entitled to
8 recover civil penalties of up to twice the amount of the
9 actual damages.  Cal. Civ. Code § 1794(c).  However,
10 civil penalties cannot be assumed; a defendant must make
11 some effort to justify including civil penalties in the
12 jurisdictional analysis by a showing of willfulness.
13 <u>D'Amico v. Ford Motor Co.</u>, No. CV 20-2985-CJC (JCx),
14 2020 WL 2614610, at *3 (C.D. Cal. May 21, 2020).  Also,
15 many courts do not include a civil penalty in the
16 jurisdictional analysis unless the removing defendant
17 makes some showing that there is a possibility of civil
18 damages.  <u>See, e.g.,</u> <u>Brass v. FCA US LLC</u>, No.
19 EDCV211190JGBSPX, 2022 WL 622317, at *4 (C.D. Cal. Mar.
20 3, 2022) (citing <u>Savall v. FCA US LLC</u>, 2021 WL 1661051,
21 at *3 (S.D. Cal. Apr. 28, 2021)).
22     Here, Defendant argues that the Court should
23 include a maximum civil penalty in the amount in
24 controversy calculation based on the allegations in
25 Plaintiffs' Complaint.  Opp'n 12:2-4.  In justifying
26 this amount, Defendant points to language in the
27 Complaint where Plaintiffs claim they "are entitled to a
28 civil penalty of up to two times the amount of actual

7

damages" and that "[Defendant] willful[ly] fail[ed] to comply with its responsibilities under the [SBA]." Compl. ¶ 25.

Defendant has not made a sufficient showing to include civil penalties in the amount in controversy calculation. Other than referring to the general, blanket allegations in Plaintiffs' Complaint, Defendant does nothing to justify an award of a civil penalty, let alone the maximum amount of a civil penalty. See, e.g. Brass, 2022 WL 622317 (declining to include civil penalties in the amount in controversy calculation where defendant merely pointed to allegations in the complaint without offering further evidence); Sanchez, 2021 WL 5276829, at *1 (same); Castillo v. FCA USA, LLC, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (same); Savall v. FCA US LLC, No. 21CV195 JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (declining to include civil penalties in the amount in controversy calculation where defendant, "[o]ther than referring to [p]laintiff's allegation that [it] acted willfully . . . provide[d] no support for the likelihood that a civil penalty based on its willfulness would actually be awarded"). As such, Defendant has not shown by a preponderance of the evidence that a civil penalty of any kind should be included in the amount in controversy. See Sullivan, 813 F.2d at 1371 (internal citations omitted) ("The burden of establishing jurisdiction falls on the party invoking the removal

statute, which is strictly construed against removal."). Accordingly, the Court declines to include a civil penalty in the amount in controversy calculation.

### c. Attorneys' Fees

"[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met." Fritsch, 899 F.3d at 793–94. The SBA clearly states that attorneys' fees are included in SBA cases. Cal. Civ. Code § 1794 (d) ("[T]he buyer shall be allowed by the court to recover . . . attorney's fees."). Further, "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney[s'] fees, a reasonable estimate of fees likely to be incurred . . . is part of the . . . amount in controversy." Brady, 243 F. Supp. 2d at 1011.

While reasonable attorneys' fees may be included in the amount in controversy calculation here, a finding as to such fees is futile. See Farrales v. Ford Motor Co., No. 21-CV-07624-HSG, 2022 WL 1239347, at *4 (N.D. Cal. Apr. 27, 2022) (declining to consider attorneys' fees in the amount in controversy calculation because doing so would not have been dispositive); Hall v. FCA US, LLC, No. 116CV00684DADJLT, 2016 WL 4445335, at *4 (E.D. Cal. Aug. 24, 2016) (same). Even if the Court decides to include attorneys' fees of $15,000—as suggested by Defendant—the amount in controversy still falls well short of the required jurisdictional threshold of

$75,000.00.[2]

Therefore, Defendant has failed to meet the requisite amount in controversy for this Court to exercise diversity jurisdiction over the matter. The Court must accordingly remand this Action to the Superior Court of California.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

DATED: July 26, 2022

/s/ Ronald S.W. Lew
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

[2] $15,000.00 in attorneys' fees plus $26,673.95 in actual damages would equal a total amount in controversy of $41,673.95.